**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4420**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

MANUEL CAMACHO GARCIA, a/k/a Meno,

              Defendant - Appellant.

———————

**No. 12-4783**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

TIMOTHY LEON STREET, a/k/a Supreme,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00253-TDS-3; 1:11-cr-00253-TDS-7)

———————

Submitted: August 15, 2013      Decided: August 23, 2013

———————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

---

Anne M. Hayes, Cary, North Carolina; James B. Craven, III, Durham, North Carolina, for Appellants. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Manuel Camacho Garcia of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and convicted Timothy Leon Street of conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. The district court sentenced Garcia to 140 months of imprisonment, and sentenced Street to 245 months of imprisonment, and they now appeal. Finding no error, we affirm.

Garcia argues on appeal that the evidence was insufficient to support his conviction because the Government failed to demonstrate that he knowingly joined in the conspiracy. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to prove that Garcia conspired to distribute cocaine, the Government needed to show (1) an agreement between two or more persons, (2) that Garcia knew of the agreement, and (3) that Garcia knowingly and voluntarily joined the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (citations omitted). However, the Government was not required to make this showing through direct evidence. In fact, "a conspiracy may be proved wholly by circumstantial evidence," and therefore may be inferred from the circumstances presented at trial. Id. at 858. We have thoroughly reviewed the record and conclude that the Government provided sufficient evidence from which the jury could conclude that Garcia was guilty of the conspiracy charge.

Street argues on appeal that the district court erred in admitting the transcripts of recorded phone calls between the

4

coconspirators because the transcripts identified the speakers.[*]

"We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks and citation omitted). In addition, we will not "set aside or reverse a judgment on the grounds that evidence was erroneously admitted unless justice so requires or a party's substantial rights are affected." Creekmore v. Maryview Hosp., 662 F.3d 686, 693 (4th Cir. 2011) (citing Fed. R. Civ. P. 61). Our review of the record and the relevant legal authorities leads us to conclude that the district court did not commit error in admitting the transcripts of the recorded calls.

Finally, Street argues that he should not have been attributed a criminal history point for a prior conviction to which he pleaded guilty but received no term of imprisonment. In reviewing the district court's calculations under the

---

[*] Street has also filed a Fed. R. App. P. 28(j) letter citing the Supreme Court's recent decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), in which the Court determined that any fact that increases a statutory mandatory minimum term of imprisonment must be submitted to the jury. Here, as the drug weights were charged in the indictment, submitted to the jury, and found by the jury beyond a reasonable doubt, and no other factors affecting the statutory mandatory minimum were found to be applicable to Street, his sentence did not violate the mandate of Alleyne.

Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks, alteration, and citation omitted).

Under the Guidelines, a district court shall assign (a) three criminal history points to prior sentences of imprisonment exceeding one year and one month, (b) two criminal history points to prior sentences of imprisonment of at least sixty days, and (c) one criminal history point for each prior sentence other than those counted in subsections (a) and (b), up to a total of four points under subsection (c). See U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(a)-(c) (2012). Here, the district court properly assigned one criminal history point to Street's prior conviction for misdemeanor possession or sale of alcoholic beverages without a permit, a conviction for which Street did not receive a sentence of imprisonment. Further, the number of criminal history points assigned to Street for prior sentences of less than sixty days of imprisonment equaled the maximum permissible total of four.

Therefore, the district court did not err in calculating Street's criminal history category.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED